## TEXAS & N. O. R. CO. v. PAGE.
### No. 4054.

Court of Civil Appeals of Texas. El Paso.
March 6, 1941.

Rehearing Denied March 27, 1941.

John C. North, of Corpus Christi, and Baker, Botts, Andrews & Wharton, of Houston, for appellant.

White, Taylor & Gardner, of Austin, and W. B. Moss, of Sinton, for appellee.

. SUTTON, Justice.

This is an appeal from the District Court of San Patricio County. The parties will be designated as they were in the trial court.

The plaintiff, Holland Page, sued the defendant, Texas & New Orleans Railroad Company, to recover divers sums of alleged damage, actual and exemplary. His petition is lengthy, and it will serve no purpose to state it here, since the case was submitted, without objection by the plaintiff, on one item only of actual damage and exemplary damage, and judgment rendered, likewise without exception on the part of plaintiff, for two items of actual and exemplary damages, as will appear herein.

The defendant answered with a general demurrer; thirty-two numbered special exceptions, some of which were subdivided; a general denial and a detailed special answer. The record shows no action on the demurrer and special exceptions.

Plaintiff alleged that on February 12, 1938, prior thereto and subsequent thereto, he was engaged in constructing certain lateral roads, aggregating some 60 miles, in San Patricio County under a contract with the Commissioners' Court of said county; that on said 12th day of February, 1938, the defendant's auditor wrote the County Judge requesting that the sum of $2,907 be withheld on the final settlement with Page, which sum the company claimed to be due it as demurrage charges; that it had been withheld from February 12, 1938, to October 29, 1938, the date it was received from the county, and that he was entitled to recover his interest thereon. He further claimed interest on the sum of $428.88 due as a refund on a deposit made with the defendant to secure the construction of a switch to provide addi-

tional unloading facilities for the plaintiff. The plaintiff notified the defendant he no longer needed the switch constructed for him on March 31, 1938, and requested the return of the refund in the amount of $428.88. It was not paid until October 30, 1938.

The plaintiff charged the defendant with malice and ill will, and alleged it had been actuated by such malice and ill will in its dealings with him on divers occasions, including the filing of the claim February 12, 1938, with San Patricio County, and the withholding of the voucher for $428.88, and sought recovery of exemplary damages in the sum of $30,000.

The court submitted the case on four special issues requiring the jury to find if the defendant had or not caused the county to withold the sum of $2,907 by writing the letter of February 12, 1938; and, if so, for what time it was withheld; if the defendant acted with malice and ill will, and, if so, the amount of exemplary damages. The jury answered the first issue "yes," and fixed the time from February 12, 1938, to October 29, 1938; that it was actuated by malice and fixed the exemplary damage at $1,000. The court rendered judgment for the $1,000 exemplary damages; $122.-95 as six per cent interest on $2,907 from February 12, 1938 to October 29, 1938; and $9.98 as six per cent on $428.88, presumably on the theory there is no dispute as to the length of time the same was withheld. From this judgment the defendant perfected this appeal.

The defendant's contention is the judgment should be reversed and rendered because there is no evidence or law to support it, and puts that contention on six grounds, which are, briefly: (a) There is no evidence or jury finding that Page was injured or damaged by reason of the county holding up with payment of $2,907; (b) that the letter requested the county to withhold the sum claimed to be due it from Page's final settlement, and there is no evidence when such final settlement was had; (c) there was no legal duty on the part of the county to withhold any sum and the request was to withhold it from the final settlement; that by a judgment rendered in Travis County it recovered $950 due it as a part of the demurrage charges claimed and it was not, therefore, liable for interest on the full amount of $2,907; (d) that no issue was submitted to the jury for interest on the $428.88; (e) that the amount of interest due was too nominal to support any amount of exemplary damages; and (f) that there is no evidence of malice.

The letter of February 12, 1938, read, in part, as follows (after reciting the amount due of $2,907):

"I have transmitted these bills to Mr. Page at Austin, Texas, by letter and repeated efforts to collect have been unsuccessful. We had our Austin, Texas, representative call on Mr. Page, and he flatly refuses settlement, not that he questions accuracy of the charges, but simply because he feels that when he pays the freight charges he is through with the transaction.

"* * * I am, therefore, bringing the matter to your attention and will request that you accept this letter as a claim against San Patricio County for amount involved in order that necessary action may be taken to withhold amount of these charges from final settlement to Mr. Page for the paving work."

Mr. Page took the position he had not refused to pay the charges on the grounds asserted in the letter, but had questioned the accuracy of them and that the Austin representative of the defendant had told him the matter would be taken up with the auditor's office in an effort to straighten it out and nothing would be done until he had further notice. He said the next thing he heard from it he was served with citation in a suit in Travis County wherein suit had been brought to collect the demurrage in the sum of $2,907. The suit was tried and the defendant company recovered against Page in the sum of $950, which was paid by Page. The company sued for interest on several items of demurrage but recovered none.

Because of the disposition of the case here, we need not discuss the question of exemplary damages further than to say we are of the opinion the evidence was sufficient to support the finding of the jury that the defendant was prompted by malice in filing the claim with San Patricio County.

The defendant in its brief cites no authorities on any of the issues presented except Texas Jurisprudence on the issue of exemplary damages.

The evidence is undisputed here that the county withheld the sum of $2,907, and likewise the $428.88 for some period of

time after it was due. It goes without saying that money has a value to one entitled to its receipt, and in the absence of a contract the law fixes the rate at six per cent. We think the record here supports the finding of the trial court on the amount due for the withholding of the $428.88, but it will not for the interest recovered on the $2,907. The plaintiff alleged that sum was withheld from February 12, 1938 to October 29, 1938. The only proof we are able to find in the record as to how long it was withheld is that of Mr. Page himself when he testified the County Judge showed him the letter of February 12th, and that the money was withheld from the next check due him. This certainly meant some date subsequent to the date of the letter. What that date was and when his next check was due are not supplied. The judgment for exemplary damages is dependent upon the judgment for actual damages, and we think requires that the plaintiff be held to a greater degree of exactness than might otherwise be required. We hold, therefore, the proof is insufficient here to support the finding and judgment for the amount of $122.95 as interest due on $2,907 from February 12, 1938 to October 29, 1938, and that the trial court was in error in so rendering the judgment.

■ We think the position that the county was under no legal obligation to withhold any sum of money, and the fact the defendant requested it to withhold from the final payment only untenable. The defendant followed up the letter of February 12, 1938 with another on the same subject February 23, 1938, asking for an acknowledgment of the former letter and for what action had been taken. The evidence supports the jury finding that the county held up the payment of the money due Page because of the letter and claim. It is the fact the defendant caused the money to be withheld and not the manner of the withholding by the county that is material. It cannot escape on the theory the county was under no legal obligation to withhold and that it should have disregarded the request and insistence of the defendant, nor that it withheld out of current rather than final estimates.

What we have said disposes of the several questions raised.

For the error pointed out the judgment of the trial court will be reversed and the case remanded, and it is so ordered.